# Wheeling.

## WILLIAM SCOTT *vs.* JOHN W. BAKER.

### January Term, 1869.

1. The plea of *nil debit* renders it necessary that the note produced in evidence should correspond with that described in the declaration. Therefore, there is a fatal variance, and a note should be excluded as evidence, where it is described as a note for "three hundred and forty-two dollars," payable "two months after the date thereof," and the note offered in evidence is for "three hundred and forty-two dollars and twenty-five cents," payable "sixty days after date."

2. The following is held to be the individual note of the parties signing it and they are personally liable therefor:

"$342.25.                                          DECEMBER 19, 1866.
   Sixty days after date, we promise to pay to the order of J. W. Baker, three hundred and forty-two 25-100 dollars, at Second National Bank of Parkersburg; value received.                    WILLIAM SCOTT,
                                        President Blannerhassett Oil Co.
                                            W. H. HORNOR,
                                                    Treasurer."

The declaration in this case, which was filed at May rules, 1867, in Wood county, is in the following words and figures:

"The defendants, William Scott and William H. Hornor, were summoned to answer the plaintiff, John W. Baker, of the city of Parkersburg, State of West Virginia, of a plea of debt, that they render unto the plaintiff, the sum of three hundred and forty-two 25-100 dollars, and two 6-100 dollars, costs of protest, which they owe to, and unjustly detain from the plaintiff. And thereupon the said plaintiff, by Sands & Wilson, his attorneys, complains: For that, whereas, the said defendants, on the 19th day of December, 1866, at the city of Parkersburg, in the county aforesaid, made their certain promissory note in writing, and delivered the same to the plaintiff, and thereby promised to pay to

the order of the plaintiff, three hundred and forty-two dollars, two months after the date thereof, at the Second National Bank of Parkersburg, which period has now elapsed, and the defendants, or either of them, have not paid or caused to be paid, the amount of said note, or any part thereof, although the said note was afterwards, to wit: on the 20th day of February, 1867, the same whereon the same became due, presented at the Second National Bank of Parkersburg, to wit: in the county aforesaid. Yet the said defendants have not, as yet, paid the said sum of money above demanded, or any part thereof, to the said plaintiff; but they to do this, have hitherto wholly refused, and still do refuse to do, to the damage of the said plaintiff fifty dollars, and therefore, he brings this suit, &c."

The defendant Scott pleaded *nil debit* and payment, upon which issues were joined. Trial was had by the court, a jury being waived, at October term, 1867, and judgment for the plaintiff.

There was a demurrer to the declaration, which was overruled.

On the trial the plaintiff offered the note and protest in evidence, to which the defendant objected and moved to exclude it, because the plaintiff had declared on a joint note and the note offered in evidence was the note of the Blannerhassett Oil Co., and because there was a variance between the declaration and the evidence offered to support it, but the court overruled the motion and the defendants excepted.

The defendant Scott brought the case to this court.

*Lee & Hutchinson* for the plaintiff in error.

This was an action of debt by J. W. Baker against the plaintiff in error, founded on a certain promissory note, fully set out in the bill of exceptions.

The note was declared on as the individual note of the defendants Scott and Horner, but on its face it shows that it was the note of a corporation called the "Blannerhassett Oil Company." There was no controversy about the exis-

tence of the corporation, which was formed under the laws of this State.

We insist upon the following points for the plaintiff in error which we think clearly manifest the error of the court below in its judgment in this case, viz:

Courts have always construed commercial instruments liberally, for the purpose of encouraging trade, and to meet, as far as possible, the ordinary exigencies of business, &c.

In furtherance of this policy, if it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, *however informally it may be expressed.* Story on Prom. Notes, sec. 69; Story on Agency, sec. 154; 10 Wend. Rep., 271, *Pentz* vs. *Stanton*; 5 Wheat. Rep., 326, *Mechanics' Bank* vs. *Bank of Columbia*; 11 Mass. Rep., 97, *Long* vs. *Colburn.*

Whether the contract is binding on the agent or the corporation, is a question to be solved by the intent, which may be discovered in the form and circumstances in which it is made. Angell and Ames on Corp., sec. 294; 12 Barb., 27, *Conro* vs. *Port Henry Iron Co.*

Parol evidence is admissible to show who intended to be bound in every case, except where the instrument is without ambiguity and asserts a positive liability on the person contracting, the name of the principal not appearing. 1 Am. Lead. Cas, 629; *Mechanics' Bank* vs. *Bank of Columbia*, 5 Wheat., 326; *Bank of Utica* vs. *Weghr*, 18 Johns., 341.

Agents of corporations and their acts are governed by the same rules in commercial transactions, in general, as agents of individuals. Angell and Ames on Corp., sec. 283–284; 5 Munf., 324, *Legrand* vs. *Hampton and Sidney College.* By no means essential that corporate name be used in drafts. *Conro* vs. *Port Henry Iron Co.*, 12 Barb., 53.

The authority of an agent to bind a corporation need not be shown by a resolution or other written evidence, but may be implied from acts and circumstances. Angel and Ames on Corp., sec. 284; 15 Maryland, 494; *North Cen. R. Co.* vs. *Bastian.*

If the agent contract for a corporation within the scope of his power, the corporation is bound, though the name of "corporation not disclosed." Angell and Ames on Corp., sec. 294 and note 4.

In general, if from the contract itself or from this coupled with the conduct of the parties thereto, it appears that credit was given to the corporation and not to the agent, and that it was the intent the corporation should be bound, whatever the form of the contract, the corporation only will be held liable upon it. Angell and Ames, sec. 296.

Whatever the form or manner of the signature of a *simple contract*, it will be held to bind the principal, if that were the obvious intent. Pars. Merc. Law., page 145; 2 East., 142, *Wilks* vs. *Back*; Angell and Ames, 293–294.

The following cases clearly establish the validity of the note in this case as the contract of the corporation:

11 Mass. Rep., 97, *Long* vs. *Colburn;* 14 Meeson and Welsby, 469, *Exp. Buckey;* 22 Pick. Rep., 158, *Rice* vs. *Grove;* 12 Mass. Rep., 327, *Emerson* vs. *Prov. Hat M. Co.*; 9 Mass. Rep., 335, *Mann* vs. *Chandler;* 1 Cowen Rep., 513, *Mott* vs. *Hicks;* 19 Johns. Rep., 60, *Randall* vs. *Van Vicker;* 4 Wend. Rep., 285, *Dubais* vs. *Del. Hed. Cannel Co.;* 9 Paige Rep., 188, *Many* vs. *Beekman Iron Co.;* 22 Wend. Rep., 325, *Evans* vs. *Wells;* 2 Alabama Rep., 718, *Lozums* vs. *Shearer;* 2 Taunt., 374, *Bowen* vs. *Morris.*

In the case of *Many* vs. *Beekman Iron Co.*, 9 Paige, 188, the agents Conklin and Hewitt made a contract with the complainant commencing thus: "We hereby agree to sell, &c." and was signed by them as agents for the Beekman Iron Company. The Chancellor (Walworth) held "that in a contract made by agents of a corporation, not under seal, it is sufficient to bind the corporation, if it appears upon the contract that the agents who signed intended to contract for the corporation as such agents and not for themselves as individuals."

We think this case is decidedly in point, and with the others cited equally applicable, we submit the question.

The note should have been excluded from going in evi-

dence to the jury, because of the additional variance from that described in the declaration, in this, that a note payable in two months after date is not the same as a note payable in sixty days after date.

*Sands* and *Wilson* for the defendant in error.

MAXWELL, J.· This was an action of debt to recover from William Scott and William H. Hornor the sum of 342 dollars, the amount of a promissory note alleged in the declaration to have been made by the defendants on the 19th day of December, 1866, payable two months after the date thereof, at the Second National Bank of Parkersburg.

The case was matured against the defendant Scott, who appeared and demurred to the declaration and filed the plea· of *nil debit* and also the plea of payment, on which issues were joined.   The demurrer was overruled, and the court, in lieu of a jury, proceeded to try the issues.   The plaintiff offered in evidence on the trial as the foundation of his action the following paper :

"$342.25.                        DECEMBER 19, 1866.

Sixty days after date we promise to pay to the order of J. W. Baker, three hundred and forty-two 25-100 dollars, at Second National Bank of Parkersburg, value received.

WILLIAM SCOTT,

President Blannerhassett Oil Co.

W. H. HORNOR,

Treasurer.

Endorsed

   W. H. HORNER, Treasurer.

   J. W. BAKER."

And accompanied the said note with the protest thereof. · To the admission of which the defendant objected and moved the court to exclude the same, because the plaintiff declared on a certain joint note, made by the defendants, and the note and protest offered in evidence were the note and protest of the Blannerhassett Oil Company, the same having been made and signed by the said William Scott, as

president of said Blannerhassett Oil Company, and by the said Hornor as treasurer of the same company, and because there was a variance between the declaration and the evidence offered¦; but the court allowed the note and protest to be given in evidence and rendered judgment for the plaintiff for the amount of the note and charges of protest thereon. There was nothing in the demurrer and the same was very properly overruled.

The petitioner insists that the court erred in overruling the motion to exclude the note because of the variance between it and the declaration. First, because a note payable sixty days after date is not the same as a note payable two months after date. Second, because the note on which the action was founded, was, as appears from the declaration, a joint promise of the petitioner Scott and the said William H. Hornor, whereas the note given in evidence was the note of the Blannerhassett Oil Company, as appears on its face. There is a plain variance between the note given in evidence and the declaration in two respects. The note is described in the declaration as a note for "three hundred and forty-two dollars," payable "two months after the date thereof," while the note given in evidence is for "three hundred and forty-two 25-100 dollars," payable "sixty days after date." This, it seems to me, was a fatal variance, and the note should have been excluded, the plea of *nil debit* making it necessary that the note produced in evidence should correspond with that described in the declaration.

On the other ground claimed that the note given in evidence is the note of the Blannerhassett Oil Company and not the note of Scott and Horner, there is no variance between the declaration and the note; because the note given in evidence is plainly the note of William Scott and W. H. Hornor.

There is nothing about the note that indicates, in the slightest degree, that it is the note of the Blannerhassett Oil Company or that it is intended to be such. The president and treasurer, together or separately, may have had authority to make the notes of the company, but in this instance the note is not executed for the company or in the

name of the company, and the addition of president and treasurer to their names cannot have the effect to make it the note of the company.

In the case of *Baker* vs. *Mechanic Fire Ins. Co.*, 3 Wend., 94, it was held that a note either in the following form : "I, John Franklin, president of the Mechanic Fire Insurance Company, promise to pay to the order of the president and directors of the Life and Fire Insurance Company, on demand, the sum of 3,172 dollars and 40 cents, with interest, for value received. John Franklin ;" or in the form following : "I promise to pay to the order of the president and directors of the Life and Fire Insurance Company, on demand, the sum of 3,172 dollars and 40 cents, with interest, for value received. John Franklin, president of the Mechanic Fire Insurance Company," was not the note of the company or binding upon it.

In the case of *Macbean* vs. *Morrison*, 1 A. K. Marshall, 545, a note in the following form :

." $559 24-100.                LEXINGTON, 9th March, 1814.

On the 8th of April, next, I promise to pay James Morrison, or order, five hundred and fifty-nine dollars 24-100, for value received, of Nicholas Smith, being an account of his wages at the Madison Hemp and Flax Spinning Company Manufactory, in Madison county.    For the Madison Hemp and Flax Company,        W. MACBEAN, Pres.,"
was held to be the note of Macbean for which he was held individually liable.

In the case of *Hills* vs. *Bannister* and *Butler*, 8 Cowen, 31, Hills brought an action of assumpsit on a promissory note, executed by Bannister and Butler, with the addition to their names of "Trustees of Union Religious Society, Phelps," which was a corporation, and the defendants were held personally liable.

In the case of *Bradler et al.* vs. *Boston Glass Manufactory*, 16 Pick., the plaintiff brought an action of assumpsit against the Glass Manufactory on the following promissory note :

"BOSTON, 13 January, 1823.   For value received, we, the subscribers, jointly and severally, promise to pay Miss Jane

T. Bradler, or order, for the Boston Glass Manufactory, thirty-five hundred dollars, on demand, with interest.

JONATHAN HUNNEWELL,

SAMUEL GESE,

CHARLES F. KUPFER,"

and it was held that this was the promisssory note of the three makers and not of the company.

The case of *Taft* vs. *Brewster and others*, 9 Johns., 334, was an action brought against Brewster, Loomis and Coats, on a bond, dated the 16th of April, 1810, by which the defendants, "by the name and description of Jacob Brewster, Thaddeus Loomis and Joseph Coates, trustees of the Baptist society of the town of Richfield," acknowledged themselves bound to the plaintiff in the sum of 3,600 dollars, to be paid, &c., conditioned that if the defendants, as trustees of the Baptist society of the town of Richfield, their heirs, &c., should pay the plaintiff the sum of 1,800, with interest at the several times therein mentioned, &c. The bond was signed, "Jacob Brewster, Thaddeus Loomis and Joseph Coats, trustees of the Baptist society of the town of Richfield," and sealed by them respectively. The bond was considered as given by the defendants in their individual capacities.

More cases of the same import might be added, but they are uniform and it is useless to multiply them.

The case will have to be reversed, however, for the error committed in receiving the note in evidence, because of its variance from the declaration before pointed out, at the costs of the defendants in error, and the cause remanded for further proceedings to be had therein.

The other judges concurred.

JUDGMENT REVERSED.