# WHEELING.

## JAMES & MITCHELL *v.* ADAMS.

### July 27, 1875.

1875.
June Term.

1. In actions founded upon special contracts to recover damages for the failure and refusal to perform the same, generally, the entire consideration must be stated and the entire act to be done, in virtue of such consideration.

2. Generally, in *actions upon special contracts*, if any part of the contract proved should vary materially from that which is stated in the declaration, it will be fatal—a contract being an entire thing.

3. It is a general rule that the contract must be stated correctly, and if the *evidence differ*, materially, from the statement, the whole foundation of the action fails, because the contract is entire in its nature, and must be proved as laid.

4. In an action on a special, verbal contract, where the contract is stated in a special count in the declaration, and at the trial the plaintiff clearly proves, by a witness or witnesses, a contract which is materially variant from that described in the declaration, it is competent and proper for the court, on motion of the defendant, by his attorney, at the close of the plaintiff's evidence, offered in proof of the contract, to exclude such evidence from the consideration of the jury, because of such variance, when, considering the evidence in the most favorable light for the plaintiff, and no question of credibility is involved, the variance is manifest.

5. In such case the court should regard the party moving to exclude the evidence in the light of a demurrant, and the party adducing the evidence in the light of a demurree, although there is, in fact, no demurrer. The court should consider, upon such motion, the plaintiff's evidence with all the favor, and give it all the force, and draw therefrom all the inferences it would be entitled to, if there was a demurrer filed thereto by the party making the motion to exclude the evidence.

6 And in such case, if, in the judgment of the Court, according to the rules governing demurrers to evidence, the party offering the evidence would, on a demurrer thereto by the opposite party, be entitled to judgment thereon in his favor, so far as relates to the establishment of the contract, then the Court should not exclude the evidence from the jury.

7. In an action by a vendor of personal property against his vendee for non-performance of a special contract of sale and for delivery of such property and payment therefor, at an agreed price, and for the recovery of damages for the failure of the vendee to take the property and pay for the same according to contract, and the goods remain in the vendor's hands, the vendor may recover, as his damage, the difference between the price to be paid and their value on the day the property should have been taken by the vendee under the contract. Or if the vendor has chosen to consider the property as the vendee's and sold it with due precaution, to satisfy his lien for the price, then he may recover only for the unpaid balance of price.

8. Except as above stated, generally, in such cases, mere speculative and conjectural estimates of the profits which might have been made, or of the loss of gains and profits, which might have been made, are not a legitimate basis upon which to fix damages.

9. The general rule seems to be that the party injured by a breach of contract, is entitled to recover all his damages, including gains prevented, as well as losses sustained, provided they are certain, and such as might, naturally, be expected to follow the breach. It is only uncertain and contingent profits, therefore, which the law excludes; not such as being the immediate and necessary result of the breach of contract. may be fairly supposed to have entered into the contemplation of the parties when they made it, and are capable of being definitely ascertained by reference to established market rates, or other like definite criteria, according to the case.

*Supersedeas* to a judgment of the circuit court of Wood county, rendered on the 2d day of January, 1874, in a suit therein depending between A. R. James and John W. Mitchell, late co-partners, doing business under the firm name of James & Mitchell, plaintiffs, and T. H. Adams, defendant. The *supersedeas* was granted on the petition of the defendant below. The other facts appear in the opinion of the court.

The Hon. James M. Jackson, judge of said circuit court, presided at the trial below.

*Okey Johnson* and *Walter S. Sands,* for appellant.

*John A. Hutchinson, Jr.,* for appellees.

HAYMOND, PRESIDENT:

This is an action brought by the plaintiff against the defendant in the circuit court of Wood county, for failing and refusing to perform his verbal contract, alleged to have been made with the plaintiffs, for the purchase and sale of goods, &c. The action was brought on the 13th day of November, 1872. The declaration contains but one count. On the 23d day of December, 1873, the defendant filed his demurrer to the plaintiffs' declaration, in which the plaintiffs joined, and the court overruled the demurrer. The defendant thereupon plead the general issue of *non assumpsit,* on which issue was joined. A jury was regularly selected and sworn to try the issue joined, and they found a verdict in favor of plaintiffs, and assessed their damages at $1,000, with interest thereon from the 1st day of January, 1872. The defendant moved the court to set aside the verdict and grant him a new trial, but the court overruled his motion, and rendered judgment upon the verdict in favor of plaintiffs for the amount of the verdict, and in accordance therewith, and for the costs of the suit. During the trial of the cause the defendant took four several bills of exception to rulings and opinions of the court which are respectively numbered Nos. 1, 2, 3 and 4 in the record.

The counsel for the defendant has not, in argument or otherwise, pointed out or specified any reason why the declaration is insufficient, although one of the assignments of error contained in his petition, on which the *supersedeas* was allowed in this cause, alleges error in overruling the demurrer. Nor has any reason been advanced or offered why the court erred in overruling the demurrer. On inspecting the declaration I think it shows, in its statements and averments, legal cause of

action against the defendant. Still, I think there are parts of it which claim damages, speculative and conjectural in character, and which cannot be recovered under the law touching that subject. But on this subject more will be said in considering some of the bills of exception. I proceed to consider the questions arising upon such of the bills of exception as it is now proper to consider.

By the *first* bill of exceptions it appears that plaintiffs, in order to maintain the issue on their part, proved, as stated in said bill of exceptions, and then rested their ·case. And thereupon the defendant, by his counsel, moved the court to exclude the plaintiffs' evidence from the jury, because the contract proved by the evidence is variant from the contract set forth in the declaration, but the court refused to exclude the plaintiffs' evidence, remarking that it was the province of the jury to determine whether the contract proved was substantially the same as the contract set out in the declaration. To this ruling of the court the defendant excepted.

The general rule seems to be, as stated by Mr. Greenleaf, in his work on Evidence, vol. 1, section 66, that the "entire consideration must be stated, and the entire act to be done in virtue of such consideration, together with the time, manner and circumstances; and with all the parts of the proposition, as thus stated, the proof must agree," or the variance will be fatal. "In *actions upon contract,* if any part of the contract proved should vary materially from that which is stated in the pleadings, it will be fatal; for a contract is an entire thing." Greenl. on Ev., vol. 1, 12th ed., section 66, note 4, page 78, and note 1, page 79. "It is a general rule that the contract must be stated correctly, and if the *evidence differ from the statement,* the whole foundation of the action fails, because the contract is entire in its nature, and must be proved as laid." 1 Chitty on Plead., 6th Am. ed., side page 334; also pp. 340 and 341. The well-established rule in this State, and in Virginia, is, that if an action

be brought upon a contract in writing, and the contract is stated in the declaration, and at the trial the written contract is offered in evidence and it is objected to because it is variant from the contract set out in the declaration, the court will, on the motion of the defendant, if there is a material variance, reject or exclude the same from the consideration of the jury as evidence. *Scott v. Baker*, 3 W. Va., 285; 1 W. Va., 87. There are numerous Virginia decisions to the same effect, which it is unnecessary to cite. If an action be brought upon a special, verbal contract, and the contract is set out in the declaration, and at the trial the plaintiff clearly proves by a witness or witnesses a contract between the parties which is materially different and variant from that described in the declaration, it is competent and proper for the court, on motion of the defendant, at the close of the plaintiffs' evidence, offered in proof of the contract, to exclude such evidence from the consideration of the jury because of such variance. The principle which will allow such action on the part of the court in the case of a written contract will allow it in the case of a verbal one, when, considering the evidence in the most favorable light for the plaintiff, and no question of credibility is involved, the variance is manifest. In such case the court should regard the party moving to exclude the evidence in the light of a demurrant, and the party offering the evidence in the light of a demurree, although there is in fact no formal demurrer. The court should consider, upon such motion, the plaintiffs' evidence with all the favor and give it all the force and draw from it all the inferences it would be entitled to if there was a formal demurrer filed thereto by the party making the motion. And in such case, if, in the judgment of the court, according to the rules governing demurrers to evidence, the party offering the evidence would, on a demurrer thereto by the opposite party, be entitled to judgment thereon in his favor so far as relates to the establishment of the contract, then the court should not ex-

1875.
June Term.

James.
& Mitchell
v.
Adams.

clude the evidence from the jury. By this practice the business of the court may be greatly expedited, no principle violated, and justice be satisfactorily administered.

In the case in judgment it is clear to my mind that the contract proven by the plaintiffs' evidence is variant in material respects, from the contract set forth in the declaration, and that the court erred in overruling the defendant's motion to exclude the same from the jury. The evidence fails to prove a material part of the contract as it is alleged and proves material parts of the contract not alleged.

By the *third* bill of exceptions it appears that at the trial the plaintiffs to maintain the issue on their part, called A. R. James, one of the plaintiffs, and after proving the several matters in relation to the contract between plaintiff and defendant set forth in bill of exceptions No. 1., which is made part of this bill of exceptions, propounded to said James the following question : "From the time of the arrangement made between you and the defendant in September, 1871, to January, 1872, what would have been your profits if you had kept your stock up to its usual standard ?" The defendant's counsel objected to this question being answered, but the court overruled the objection and allowed the question to be put and answered by the witness as evidence. And the witness in answer to said question stated to the jury that "Our loss was a thousand dollars from the time of said arrangement to January 1st, 1872, twelve hundred dollars wouldn't make us whole." On the witness answering the question the defendant objected to said answer as not being admissible upon the issue and moved the court to exclude the same from the jury ; but the court overruled the defendant's motion and allowed said answer to go to the jury as legal evidence to be considered by them with the other evidence, and the defendant excepted.

By the *fourth* bill of exceptions it also appears that the plaintiffs after having proved by said plaintiff, A. R·

1875.
June Term.

James
& Mitchell
v.
Adams.

James, the several matters in relation to the contract between plaintiffs and defendant set forth in bill of exceptions No. 1, and after propounding the question and receiving the answer thereto, mentioned in bill of exceptions No. 3 propounded to said James this question : "What did your firm lose (meaning plaintiffs) in gains and profits, and in loss of customers, by not filling up your stock from the time of the arrangement made by you and defendant in September, 1871, to January, 1, 1872?" To the asking of this question the defendant also objected, but the court overruled the objection and allowed the witness to answer the said question: And thereupon the said James in answer to said question said to the jury, "We, my partner Mr. Mitchell and myself estimated our loss at between twelve and fifteen hundred dollars; we estimated our loss from the amount of sales and profits on said sales made by us in the spring and fall months previous thereto." Thereupon the defendant objected to said answer as being inadmissible as evidence for the jury, and moved the court to exclude the same from the jury, but the court held the evidence to be admissible and the same was allowed to go to the jury as evidence to be considered by the jury in connection with the other evidence. And the defendant again excepted.

Sedgwick on the Measure of Damages, at side page 313, says: "These decisions replace this branch of law on its proper basis, and declare the salutary principle, that actual compensation can only be given for positive loss, unless it is evident that the parties have stipulated for a more extensive remuneration." See same book, side pages 71 and 72. In the case of *Griffin v. Colver* 16 N. Y. 489, it was *held*, by the court of appeals, that "The general rule is, that the party injured by a breach of contract, is entitled to recover all his damages, including gains prevented as well as losses sustained, provided they are certain, and such as might naturally be expected to follow the breach. It is only uncertain and contingent profits, therefore, which the law excludes;

not such as being the immediate and necessary result of the breach of contract, may be fairly supposed to have entered into the contemplation of the parties when they made it and are capable of being definitely ascertained by reference to established market rates." See also *Dana v. Fielder*, 12 N. Y. 40. In the case of *Newbrough v. Walker*, 8 Gratt. 16, it was *held* that "In an action of covenant for the failure to deliver to the plaintiff possession of a mill which he had rented of the defendant the plaintiff not having sustained any special damage, he is entitled to recover only the difference between the rent contracted to be paid, and a fair rent for the property at the time when it should have been delivered. A conjectural estimate of the profits which might have been made, is no legitimate basis upon which to fix the damages."

"If the goods remain in the vendor's hands, it may be said that now all his damage is the difference between their value and the price to be paid; which may be nothing. This would be true if the vendor chose to consider the articles as his own. But it does not seem that the law lays upon him any such obligation. He may consider them as his own, if there has been no delivery; or may consider them as the vendee's, and sell them, with due precaution, to satisfy his lien on them for the price, and then he may sue and recover only for the unpaid balance of the price; or he may consider them as the property of the vendee, subject to his call or order, and then he recovers the whole of the price which the vendee should pay. As the action in either case, proceeds upon the breach of the contract by the vendee, it seems reasonable that this election should be given to the vendor, and no part of it to the vendee." 3 Parsons on Contracts, 5 ed. 208, 209, 210 and cases cited in notes S and T on 209; *Hall v. Pierce*, 4 W. Va. page 107.

The plaintiff alleges that the contract was made on the —— day of September, 1871, and that by the con-

tract it was agreed that the defendant would buy of the plaintiffs and the plaintiffs should sell to the defendant the entire stock of goods, wares and merchandise contained in the store of plaintiffs, on Market street, in the city of Parkersburg, and the unexpired term of the lease then held by them on said store room—the goods, wares, &c., to be invoiced by the plaintiffs to the defendant in the month of January then next following, to-wit, the month of January, 1872, at cost price, when the defendant should receive said goods, wares, &c., of the plaintiffs at said invoice price, &c.   The declaration then states the terms and mode of payment of the purchase money and avers that it was agreed that the plaintiffs should sell off and dispose of their said stock on hand, as fast as possible, at cost price, so as to reduce the same as low as it could be reduced when the same should be invoiced by the plaintiffs to the defendant and received by him as aforesaid.   But this last clause, it seems from the evidence, was not a part of the contract set out in the declaration as being made in September, 1871.   When the defendant failed to comply with his contract it seems it would have been competent for the plaintiffs to have sold the goods, wares, &c., in proper manner, and to have charged the defendant with the cost price thereof, deducting therefrom the net proceeds of sale, and hold the defendant for the balance or difference.   Or if the goods were worth less at the time defendant was to take them than the cost price, then, perhaps, the plaintiff might be entitled to recover the difference under the authorities. On the goods, &c., being invoiced to the defendant, and his refusal to take and pay for them according to contract, perhaps the plaintiffs could recover the costs and expense of invoicing the same and other damages not conjectural and speculative.   In either of these modes the plaintiffs might have recovered their actual loss in contemplation of law.

But the plaintiffs have seen fit to adopt neither of these modes, but seek by their declaration in a great de-

gree to recover speculative and conjectural damages.

The answers of said James, before named, were evident- ly given to the jury with the view and for the purpose of influencing the jury to allow plaintiffs therefor in their estimate of damages, and it is evident that they did so to a large extent. The estimate of damages stated by said James, in each of his said answers, is a conjectural estimate of the profits which might have been made or the conjectural losses sustained, and not the actual loss, such as the law manifestly intends may be recovered under facts and circumstances similar to those attending this case.

The *second* bill of exceptions is to the opinion and judgment of the court in overruling the defendant's motion for a new trial.

From what has been already said the contract proven is materially variant from that alleged in the declaration, and it is manifest that the verdict of the jury is in a large degree made up from the speculative and conjectural profits and losses to which I have already adverted. As the verdict of the jury must be set aside for reasons already stated it is unnecessary further to consider the case upon the facts proven.

For these reasons the judgment of the circuit court of the county of Wood, rendered in this cause on the 2d day of January, 1874, must be reversed and the plaintiff in error recover against the defendant in error his costs in this Court expended. And this Court proceeding to render such judgment as the said circuit court should have rendered, it is considered that the verdict of the jury be set aside and a new trial in the cause is granted, the costs of the former trial to abide the event of the suit, and the cause is remanded to the said circuit court with directions to said court to allow the plaintiffs to amend their declaration if they ask permission so to

73

1875.
June Term.

James
& Mitchell
v.
Adams.

do, and for such further and other proceedings therein there to be had as are in accordance with the law in such cases.

Hoffman and Moore, Judges, concurred.

JUDGMENT REVERSED, VERDICT SET ASIDE, NEW TRIAL GRANTED AND CAUSE REMANDED, WITH LEAVE TO THE PLAINTIFFS TO AMEND THEIR DECLARATION.