WINKLER *v.* CHESAPEAKE & OHIO R. R. CO.

Decided April 27, 1878.

1878.
Special Term.

1. The promise of one person to pay the debt of another, though in writing, must be founded on a consideration to make it binding; and if there is an attempt made to declare upon it specially, the count, or counts, must set forth the consideration.

2. A special count, that shows a consideration for a promise of one to guarantee the debt of another, and does not allege, that the other has not paid the debt, is fatally defective.

3. Where a writing purporting to be signed by an agent, is offered in evidence and objected to, it is error to admit it, until the agency, and the agent's authority to sign it, is proved.

4. If a paper offered in evidence is unobjectionable on its face, and the only objection is as to the time it should be introduced, its relevancy not then being apparent, it is not error to admit it, if other evidence is subsequently introduced, showing its relevancy. The court will not control a party in the mere order of introducing his evidence.

5. It is error to instruct the jury hypothetically, upon a state of facts where there is no evidence in the case tending to prove such facts.

6. It is error to instruct the jury, that the evidence in the case is insufficient to sustain the declaration.

A *supersedeas* to a judgment of the circuit court of Cabell county, rendered on the 19th day of December, 1873, in an action of *assumpsit*, in which J. R. Winkler was plaintiff, and the Chesapeake and Ohio Railroad

Company was defendant, granted on the petition of the said Chesapeake and Ohio Railroad Company.

Hon. Evermont Ward, Judge of the ninth judicial circuit, rendered the judgment complained of.

JOHNSON, JUDGE, furnishes the following statement of the case:

This was an action of *assumpsit*, brought by the plaintiff against the defendant in November, 1871, in the circuit court of Cabell county, to recover a sum of money, due the plaintiff, from Cole, Hubbard & Co., who were contractors under J. J. & T. J. Powers, Jr., who were contractors with said defendant to build certain sections of its road, upon a claim that said defendant had assumed to pay said indebtedness. The declaration was amended by leave of the court, and the amended declaration contained the common counts, "for work and labor performed and materials furnished for the defendant at its special instance and request," "for money had and received by the defendant for the plaintiff's use," and "for money paid out and expended by the plaintiff, for the defendant's use and benefit at its special instance and request."

And also five special counts, the *first* of which alleges, "that the plaintiff had and held a claim of $500.00 against the firm of Cole, Hubbard & Co., for work and labor performed on the Chesapeake and Ohio Railroad for them as contractors on said road, and the Chesapeake and Ohio Railroad Company being indebted to the said Cole, Hubbard & Co., for the work done on their said road, in consideration thereof promised in writing, signed by them, to pay to the plaintiff the said sum of $500.00 whenever thereunto afterwards requested. The plaintiff avers that the said Chesapeake and Ohio Railroad Company has not kept its promise, and has broken the same, in that it did not pay the said sum of

$500.00, although often requested to do so, to the damage of the plaintiff of $500.00, and thereupon it sues," &c.

The *second* count alleges that Cole, Hubbard & Co., were contractors under J. J. & T. J. Powers, Jr., on said road and employed the plaintiff to perform work and labor thereon to the amount of $500.00, and executed to the plaintiff a note and check therefor, which check was protested and not paid, that said Cole, Hubbard & Co., performed their contract and failed to pay plaintiff for his labor; that afterwards on the 30th day of May, 1871, the said railroad company assumed and promised in writing, signed by it, to pay the plaintiff the said sum of money due by Cole, Hubbard & Co., for labor as aforesaid, and notified the plaintiff with all other claimants, to produce their claims at Hurricane Bridge for payment, where the defendant would pay the same, if approved by said Cole, Hubbard & Co., or sworn to before a justice of the peace; that he did produce his claim, to-wit: the said note and unpaid check aforesaid at Hurricane Bridge for payment, duly signed and approved by said Cole, Hubbard & Co., and delivered the same to one Hood, clerk of W. A. Kuper, agent of said company, and that said Hood took said note and check and has not returned the same to plaintiff and that said defendant had in its hands money due and belonging to said Cole, Hubbard & Co., for work and labor done under said contract, which said money was retained for the purpose of paying this plaintiff; that in consideration of the premises the said company promised the plaintiff to pay him the said sum of $500.00, but although requested, &c., has not kept its promises but has broken the same, &c.

The *third* count alleges that on the 30th day of May, 1871, at, &c., the defendant advertised and notified in writing, which was duly signed by W. A. Kuper, agent of the defendant, persons holding claims for labor performed for J. J. & T. J. Powers, Jr., and their agents, Cole, Hubbard & Co., on the Chesapeake and Ohio Rail-

road Company, on sections 186 and 187, to appear at Hurricane Bridge and present their claims, signed as correct, by the parties who employed them, or duly sworn to before a justice of the peace, and the same should be paid on the 16th day of June, 1871, by the defendant ; that he did on that day, at the said place, present his claims for labor and work done on the said sections of the road, signed as correct by said Cole, Hubbard & Co., and sworn to before a justice of the peace, and that said company accepted them so attested as correct, and in pursuance of these said agreements, the defendant then and there promised to pay the said sums so due, when requested, yet it has broken its promises and has not paid, &c.

The *fourth* count alleges, that plaintiff had performed work for Cole, Hubbard & Co., on sections 186 and 187; that said Cole, Hubbard & Co. had quit work on same, and that there was money due from the defendant to said Cole, Hubbard & Co., and thereupon the defendant agreed with plaintiff, that if the plaintiff would continue to work on said road after the said Cole, Hubbard & Co. had quit work, that defendant would pay all his claims for work done before that time, and the work done for defendant after that time. That Cole, Hubbard & Co. were indebted to him for said work and labor, in the sum of $500.00, which remained unpaid, at the time of the agreement aforesaid ; that in consideration of the promise of the defendant, he did continue to work on said road, but that defendant did not comply with its promise, but failed to do so and did not pay said $500.00.

The *fifth* count alleges, that the defendant being in arrears and owing said Cole, Hubbard & Co. for divers estimates done on sections 186 and 187, as contractors of J. J. & T. J. Powers, Jr., large sums of money, to-wit, $——, and the said Cole, Hubbard & Co., being indebted to the plaintiff in $500.00, for labor on said sections 186 and 187, the said defendant withheld the said sum of money so due to said Cole, Hubbard & Co., and

refused to pay it to them, alleging as a reason therefor, that defendant, intended to pay the money so withheld to the employes of said Cole, Hubbard & Co. on the said sections, for their labor performed thereon, and the defendant so retaining and withholding the amount of money due the said Cole, Hubbard & Co., for work on said sections for the purpose aforesaid, afterwards on the 30th day of May, 1871, the defendant by its agent W. A. Kuper, authorized, and gave authority, to settle with and pay the said plaintiff all claims justly due him for labor performed for said Cole, Hubbard & Co. on said sections, by a certain writing, dated the 30th day of May, 1871, and signed by said W. A. Kuper, as agent of the defendant, whereby the said defendant, promised the plaintiff to pay, on the 16th of June, 1871, at Hurricane bridge, the plaintiff all claims due him from said Cole, Hubbard & Co., for work performed on said sections under and for the said Cole, Hubbard & Co., which were duly signed by them or sworn to before a justice of the peace, and remaining unpaid; that he did on the 16th of June, 1871, at the said place present to one Hood, clerk of said W. A. Kuper, and as such, agent of the defendant appointed and authorized to sell and pay the said plain- tiff his claim aforesaid, one note duly signed by said Cole, Hubbard & Co., and sworn to before a justice of the peace, for the payment of $ — and also a protested check on — bank of — to the said plaintiff for $ —, duly sworn to before a justice ; that the said note and check so signed by said Cole, Hubbard & Co., amounting to $ — was for work and labor performed for said Cole, Hubbard & Co., on said sections; and that said W. A. Kuper, by Hood, clerk, agent as aforesaid, received from plaintiff said check and note, and kept the same, and plaintiff alleges that defendant has not kept its promises, but has broken the same in that it did not on the 16th day of June, 1871, at Hurricane bridge, upon the pre- sentation of the plaintiff's claim signed as aforesaid, and sworn to before a justice of the peace, then and there pay

1878.
Special Term.
_____
Winkler
v.
C. & O. R. R. Co.

the same; nor has it done so since, but though often re-requested has refused, to plaintiff's damage $500.00, &c. There was a demurrer to the declaration and each count thereof, which was overruled. Afterwards an issue was made up on the plea of *non assumpsit*, on which there was a trial before a jury. This trial resulted in a verdict for the plaintiff for $333.50. The defendant, by counsel, moved to set aside the verdict, but the court refused to do so. Three bills of exceptions were taken by defendant, and are filed in the record. Of these the first relates to the admission of certain evidence offered by plaintiff and to which defendant objected; the second relates to certain instructions which defendant requested should be given to the jury, of which some were given and others refused; and the third relates to the refusal of the court to set aside the verdict and grant a new trial. It seems the plaintiff was employed to do certain work by Cole, Hubbard & Co., who were sub-contractors under J. J. & T. J. Powers, Jr., and the latter of whom had a contract to do graduation and masonry on several sections of defendant's railroad. This work was done on section 36, but when it was done, or of what it consisted does not appear. For part of this work, Cole, Hubbard & Co., on May 2, 1871, executed and delivered to the plaintiff their check for $120.00, which on May 20, 1871, was protested for non-payment. Sometime between the 20th and the last of May, Cole, Hubbard & Co., executed and delivered to plaintiff their due-bill for $170.00. This indebtness Cole, Hubbard & Co., have never paid as the evidence shows. In the contract between the plaintiff and J. J. & T. J. Powers, Jr., there is a clause in the following words, viz:

"If out of any monthly estimate paid to the contractor, he shall fail to pay the wages of the laborers for that month, it shall be at the discretion of the engineer thereafter to provide for the payment of the laborers, for each month, out of the estimate for the month according to such rules as he shall prescribe." The con-

tract in which this clause appears was introduced in evidence by the defendant.

In May, 1871, it came to the knowledge of the defendant's engineer, that neither J. J. & T. J. Powers, Jr., nor their agents, Cole, Hubbard & Co., were paying the wages of laborers employed by them on sections 186 and 187, two of the sections mentioned in the contract: accordingly, on the 30th of that month a notice was posted on such sections, signed by defendant's engineer, to the effect that the amounts due up to date would be paid on the 16th inst., by the defendant's agent, on the ground at Hurricane bridge. The notice required those presenting claims, to have them signed as correct by the parties who employed them. If the parties refused, the accounts were required to be sworn to before a justice, in the manner required by law.

The plaintiff, supposing his claims to be embraced in the notice, presented them to Hood and Cady, clerks of the defendant's engineer, at Cole, Hubbard & Co.'s office, but when they were thus presented does not appear. Payment was however refused, and this refusal was followed by this suit.

It further appears that on June 16, 1871, Mr. L. Hood, clerk of defendant's engineer, paid out a large amount of money, at or near Hurricane bridge, the proceeds of an estimate made for work done in May, 1871, on sections 186 and 187 ; that such payments were made to men for work done on those sections under Cole, Hubbard & Co. ; that the checks and due bill were not paid because the engineer did not think they came within the terms of the contract, or the notice to laborers, and that the entire amount due the contractors, for work done on these sections, and some $30.00 in excess of the amount due, was paid out to laborers before the plaintiff's claim was presented, so that when it was presented, there was nothing in the possession of defendants, or any of its agents, belonging to, or due to J. J. & T. J. Powers, Jr., or Cole, Hubbard & Co.

To the judgment in this case a *supersedeas* was granted.

*William H. Hogeman,* for plaintiff in error, cited the following authorities:

2 Chit. Pl. 119, 122; 1 Wash. 257; 2 Munf. 282; *Id.* 518; 4 Munf. 496; 5 Munf. 198; 9 Gratt. 474; 6 W. Va. 416; 2 Rob. Pr., 305; 4 Rob. Pr. 219; 4 Munf. 273; 9 Leigh 156; 6 Leigh 85; 1 Sand. 211 11 Gratt. 643.

No appearance for defendant in error.

JOHNSON, JUDGE, delivered the opinion of the Court:

Syllabus 1

The demurrer to the common counts was properly overruled. Should it have been sustained to the special counts or either of them? Neither the first, second, third or fifth counts show any consideration whatever for the making of the promise in writing, set forth in said counts or either of them. The amount of the allegation is that the defendant being indebted to Cole, Hubbard & Co. and Cole, Hubbard & Co. being indebted to plaintiff, the defendant promised to pay such indebtedness. There is nothing in either of said counts set forth that shows any agreement between the Chesapeake and Ohio Railroad Company and the said firm of Cole, Hubbard & Co., whereby the defendant assuming to pay the debt of Cole, Hubbard & Co. to plaintiff, it should be discharged of said debt to Cole, Hubbard & Co. It is not shown in either of said counts that the railroad company could in any way be benefitted by the payment of said debt; or if it paid it, that Cole, Hubbard & Co. might not collect it from the said defendant.

In *Parker* v. *Carter et al.* 4 Munf. 273, it was held that " a promise in writing not under seal, by a son to pay a debt for his father, must be considered *nudum pactum,* unless some consideration money from the creditor to the son, or some agreement binding the creditor to for-

bear or the like, in the event of the assumption by the son be proved." In *Colgin* v. *Henly*, 6 Leigh 85 it was held that "the promise of one person to pay the debt of another, though in writing, must be founded on a consideration to make it binding." See *Burr & Co.* v. *Spooner et al.*, 9 Leigh 153; *Moseby* v. *Jones*, 5 Munf. 23. The demurrer to said counts should have been sustained.

The *fourth* count does set out a sufficient consideration, to-wit: that the sub-contractors, Cole, Hubbard & Co., had ceased their work on sections 186 and 187 of said road, and that at the time they ceased said work, they were in debt to the plaintiff, who was a laborer under them, and that to induce the plaintiff to still work on said sections, the defendant promised him to pay all claims for work by him done on said sections for Cole, Hubbard & Co.; also for the work done by plaintiff after that time on said sections, and then alleges that the said Cole, Hubbard & Co. were indebted to him $500.00 for said work, and that at the time said promise was made, he did continue to work on said road, after said Cole, Hubbard & Co. had ceased work, but that defendant had broken its promise, and had refused to pay plaintiff the said $500.00; but the count does not allege that Cole, Hubbard & Co. had not paid said indebtedness to plaintiff before suit was brought.

I can interpret the language of this count in no other way, than the defendant promised, if plaintiff would continue to work on said sections after Cole, Hubbard & Co. ceased work thereon, that it would pay him for such work, and would also pay what Cole, Hubbard & Co. owed him for work thereon, if said Cole, Hubbard & Co. did not pay him; in other words, that defendant would guarantee the payment of said indebtedness of Cole, Hubbard & Co. There is nothing in the count to show that Cole, Hubbard & Co. were by any agreement of plaintiff, released from their indebtedness to him; therefore they were still liable to him, and the count in not alleging that said Cole, Hubbard & Co. had not paid

the said indebtedness to plaintiff, is fatally defective. *Parker* v. *Carter*, 4 Munf. 273; *Burr* v. *Spooner*, 9 Leigh 156; *Colgin* v. *Henly*, 6 Leigh 85.

Syllabus 3

The first bill of exceptions is to the judgment of the court in overruling the defendant's objection to the notice referred to in several counts of the declaration. The notice was to persons having claims for labor or graduation and masonry on sections 186 and 187, western division, Chesapeake and Ohio railroad, and being so addressed, is as follows:

" J. J. & T. J. Powers & Co., either by themselves, or through their agents, Cole, Hubbard & Co., having failed to pay laborers and mechanics on sections Nos. 186 and 187, the amounts due them, the Chesapeake and Ohio Railroad Company will pay the amounts due up to date, on the 16th inst., by their agent personally on the ground, at Hurricane bridge. Persons presenting claims must have them signed as correct by the parties having employed them; if the parties refuse, accounts must be sworn to before a justice of the peace in the manner required by law.

" W. A. KEEPER,
" *Pr. Assistant Engineer.*"

Syllabus 4

The paper is dated on the 30th of May, 1871. This paper was admissible under the third special count, if it had been well pleaded, because the evidence might have been followed up with other evidence, to make out the plaintiff's case. The court will not control the party in the order of introducing his testimony. It was also admissible under the common counts, as it might have been followed up with such a state of facts if they existed, under the common counts even, showing a liability on the company to pay the money. It might have been shown that Cole, Hubbard & Co. had settled with the railroad company, and left the money in the hands of the company to the use of the plaintiff. It does not appear that the defendant objected to it because it was

offered at an improper time. It is the better course to show the relevancy of testimony before it is permitted to go to the jury. It was improper to permit the notice to be read to the jury on objections made, until the agency of W. A. Kuper and his authority to sign the paper had been proved. And it does not appear that such agency and his authority as such agent, to execute the paper, had been proved at the time it was introduced. The evidence was all certified in the second bill of exceptions, from which it appeared from the testimony of the plaintiff himself that the labor done by him, to recover compensation for which he brought his suit, and for which he presented his claim to defendant, was all performed on section 36, of said road, and none of it on sections 186 and 187, referred to in said notice, the defendant when the evidence was all in, asked the court to give the following instructions to the jury:

" 1. If the jury believe from the evidence that the defendant paid out on June 16, 1871, to the laborers and mechanics on sections 186 and 187, all that was due under its contracts with the contractors for work done on said sections, they must find for the defendant.

" 2. Unless the jury believe from the evidence that the plaintiff worked as laborer or mechanic during the month of May, 1871, on sections 186 and 187 of the Chesapeake and Ohio railroad, they must find for the defendant.

" 3. The jury cannot find under the evidence in this case on any of the common counts in the declaration.

" 4. If the jury believe from the evidence, that the plaintiff, previous to May 30, 1871, had accepted the check and due bill of Cole, Hubbard & Co., for services rendered them, they must find for the defendant."

All of which instructions the court refused to give.

The *first* instruction was properly refused, because it it does not seem to have any connection with the plaintiff's demand, and was calculated to mislead the jury.

The *second* was properly refused, because it confined the the evidence to labor peformed in the month of May, 1871, when the company itself, in its notice, if it had been properly admitted, and a proper case had been made for plaintiff in the pleadings and proofs, did not confine itself to work done in that month, but provided for payment of amounts due for all work specified in said notice " up to date," to-wit : the 30th day of May, 1871.

Syllabus 6

The *third* instruction was properly refused, as it clearly interferes with the province of the jury. The court will not be permitted, in an instruction to the jury, to tell them there is no evidence in the cause to sustain the plaintiff's declaration or any count thereof. Instructions must be put in the hypothetical form, " if the jury believe from the evidence," &c., or, "unless the jury believe from the evidence," &c., in any case involving the question, whether there is any evidence or a sufficiency of evidence to sustain the claim. To take advantage of a failure to sustain the declaration by evidence, the motion must be either to exclude the evidence from the jury, or there must be a demurrer to the evidence. *James & Mitchell* v. *Adams*, 8 W. Va. 568. It would be unsafe to allow the powers of a jury to be entirely taken away by the court telling them there was no evidence to sustain the plaintiff's demand, and they must therefore find for the defendant. *McDowell's ex'or* v. *Crawford*, 11 Gratt. 377 ; *Hurst's case*, 11 W. Va. 568.

The *fourth* instruction was properly refused, because, even if under any circumstances, the giving by the debtor of his own note to his creditor for a pre-existing debt, could be regarded as a payment thereof, there is not the slightest evidence in this case that the plaintiff received the check and due bill of Cole, Hubbard & Co., as payment of what they owed him.

The court instructed the jury for plaintiff, as follows :

Syllabus 5

" That if they believe from the evidence that the defendants by their authorized agent, and acting within the scope of his authority as such, agreed in writing, signed

by the agent as such, to pay to all persons having claims for labor on graduation and masonry on sections 186 and 187, western division of the Chesapeake and Ohio railroad, up to the 30th May, 1871, by their agent, personally, on the ground, at Hurricane bridge, on the 16th day of June, if the persons holding said claims, presented them there at that time and place, signed as correct by the parties having employed them, or sworn to before a justice of the peace, and that the plaintiff in this case did so present claims for work and labor on said sections 186 and 187, western division of the Chesapeake and Ohio railroad, up to 30th May, 1871, remaining unpaid, signed by the parties employing them as correct, or sworn to before a justice of the peace, then and there for payment, which was not paid by the agent, then the plaintiff is entitled to recover the amount of said claims from the defendant in this action, with interest from said 16th day of May, 1871."

This instruction was objected to, and objection overruled.

The court should have refused the instruction ; and a sufficient reason is, that there is no evidence in the case, tending even to show that the plaintiff presented any claim to the defendant for labor done on sections 186 and 187, but the only evidence of work done by him on the road, was on section 36. The instruction was therefore irrelevant.

The *third* bill of exceptions is to the judgment of the court in overruling a motion for a new trial.

This motion should have been sustained and a new trial granted ; because there was not sufficient evidence to sustain the plaintiff's claim, or fix any liability upon the railroad company, as we have already seen. There is nothing in the reason urged for a new trial, that the jury were not properly sworn as contended for by defendant's counsel, the record showing only that they " were sworn as required by law." We must presume in the absence of evidence to the contrary, that the jury

were properly sworn. *Douglas* v. *Central Land Company,* *supra.*

For the foregoing reasons the judgment of the circuit court of Cabell county, rendered in this case, is reversed with costs to the plaintiff in error, and this Court proceeding to render such a judgment as the said court should have rendered, the verdict of the said jury is set ·aside, and a new trial awarded ; the demurrer to each of the special counts in the declaration is sustained, and this cause is remanded to the circuit court of Cabell county, with instruction to allow the plaintiff to amend his declaration it he shall so desire, and for a new trial to be had, the costs to abide the event of the suit, and the case to be further proceeded in, according to law.

The other judges concurred.

Judgment reversed.