## Staunton.

## NEWBERRY v. WILLIAMS.

September 15th, 1892.

APPELLATE PRACTICE—*Review—Motions for new trials.*—Unless the record shows that a motion was made for a new trial in the court below and was overruled, and that such action of the court was excepted to, this court cannot review the judgment complained of.

Argued at Wytheville. Decided at Staunton. Error to judgment of circuit court of Bland county, rendered at its April term, 1891, in an action of *detinue* wherein the plaintiff in error, Samuel H. Newberry, was plaintiff, and Samuel W. Williams was defendant. Opinion states the case.

*Holbrook & Thomas*, for plaintiff in error.

*J. H. Fulton* and *D. S. Pierce*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of *detinue* to recover possession of a printing press. Pending the action the press was destroyed by fire, which fact was set up by plea *puis darreign continuance*, with an allegation that the loss was not caused by the fault of the defendant. After the evidence had been closed, the plaintiff offered four instructions, the second and fourth of which were given, but the court refused to give the third, and gave the first with a modification. To this refusal to give all the instructions as asked for, the plaintiff excepted. The principal object of the instructions offered was to fix the time

as of which the value of the property ought to be assessed, if the plaintiff was entitled to recover. The plaintiff insisted that this was the date of the commencement of the action, whilst the modified instruction declared it to be the time when the property was destroyed.

The jury found for the defendant, and the court gave judgment accordingly. *There was, however, no motion for a new trial;* and the important question is thus presented whether, in this posture of the case, it is competent for this court to set aside the verdict and grant a new trial for any error committed during the trial.

We are of opinion that it is not.

In *Johnson* v. *Macon*, 1 Wash. 4, Pendleton, P., expressed the opinion that a motion for a new trial, on the ground of misdirection, is never made to the trial court, but always to a higher court; and that it was certainly irregular and improper to make the motion to the same judge who gave the direction. This view, however, was disapproved of in *Guerrant* v. *Tinder*, Gilm. 36, as being altogether too narrow; and in that case Judge Roane, in delivering the opinion of the court, said:

" The same judge may, upon a deliberate motion for a new trial, supported by argument and authority, retract a hasty opinion expressed by him in the progress of the trial. That course, too, would save the expense and delay of appealing to a superior court for that purpose. But, as he may not retract the error, an application for a new trial may be also made to the appellate court, and to that end an exception is provided."

It is hardly necessary to say that the power of the trial court to grant a new trial is now, and since the year 1850 has been, settled in Virginia by statute. Code, sec. 3392. And, indeed, long before the decision in *Geurrant* v. *Tinder*, Judge Pendleton himself seems to have abandoned the position taken in *Johnson* v. *Macon*, for in *Power* v. *Finnie*, 4 Call 411,

(decided in 1797,) he concluded his opinion by saying : " We had contemplated granting a new trial, but being an appellate court, and no motion for a new trial having been made in the district court, we could not do it."

So, in *Humphreys* v. *West*, 3 Rand. 516, in which case there was a demurrer to evidence, and the losing party complained in the appellate court that the damages awarded were excessive, without having objected to the verdict in the trial court, this court overruled the objection, on the ground that the question of damages was for the jury, subject to the superintending control of the court to grant a new trial. " That, however," it was said, " rests with the court before whom the trial was had, and that, too, upon a motion to that court for a new trial ; there being no case in which the court is bound, *ex mero motu*, and without motion, to grant a new trial. * * * The appellate court cannot grant such new trial, for that would be to reverse the judgment of an inferior court, on a motion for a new trial here, which was not made to that court, and of course on a matter in which that court committed no error."

As that was a case of a demurrer to evidence, all the evidence on both sides was, of course, put into the demurrer, and yet it was held that, no matter what the evidence might show as to the excessiveness of the damages, this court could not interfere on that ground, because there had been no motion for a new trial in the court below.

We are not aware that the correctness of that decision has ever been questioned. On the contrary, it was reaffirmed in *Briggs* v. *Hall*, 4 Leigh 484 ; and in *Green* v. *Judith*, 5 Rand. 1, which was also a case of a demurrer to evidence, Judge Coalter (at p. 25) said : " It is true the trial court might have heard a motion for a new trial, and I will not say that it would have been wrong to have granted it ; but *we* cannot do it."

The case was again followed as authority in *W. U. Tel. Co.* v. *Va. Paper Co.*, 87 Va. 416, in which case it was held that as the plaintiff did not move for a new trial in the court below, he could not object to the verdict in this court on the ground that the damages awarded were too small; and, moreover, that his failure to object to the verdict was a waiver of his exception taken during the trial to the giving of certain instructions to the jury as to the rule for the assessment of damages.

That, it is true, was also a case of a demurrer to evidence; but no reason is perceived why the same rule should not be applied in a case like the present. Indeed, such a rule would seem to be obviously founded in common sense and sound policy. It is certainly not unjust in itself. It, moreover, tends to hasten the end of litigation, by giving the trial judge an opportunity to correct his own errors, thus oftentimes saving the delay and expense of an appeal, and in no point of view does it work hardship to any party.

The rule is well established in this state, as declared by Judge Burks in *Danville Bank* v. *Waddill*, 31 Gratt. 469, notwithstanding what was said in *Bull's Case*, 14 Gratt. 613, that if a party objects to a ruling of the court during the trial, either in admitting or excluding evidence, or giving or refusing instructions, or otherwise, and intends to except to such ruling, he must make known such intention at the time of the ruling, or at least before verdict, and if the bill of exceptions cannot be drawn up at once, liberty should be reserved to do so during the term, and if he neglect to prefer exceptions until after verdict, he will not then be allowed to do so. And although the reasons upon which the rule rests are not altogether the same as those upon which the rule contended for in the present case is put, yet there is a strong analogy between the cases, in both the main underlying principle being that objections not seasonably made known ought, upon reasons of justice and policy, to be considered as *waived.*

The jurisdiction of this court, moreover, is exclusively appellate, except in cases of *habeas corpus*, *mandamus*, and *prohibition ;* and it may, therefore, be questioned whether, in the exercise of its appellate power, this court can properly grant a new trial in any case tried by a jury, except when sitting in review upon the action of the lower court refusing a new trial. Such seems to have been the view taken in *Power* v. *Finnie* and *Humphreys* v. *West*, and since those decisions were rendered the jurisdiction of the courts of the commonwealth has been much more clearly defined by the Constitution and statutes of the state.

It is, nevertheless, true that in a number of cases new trials have been granted by this court without any motion for a new trial having been made in the lower court. One of these cases is *Wiley* v. *Givens*, 6 Gratt. 277, in which case Judge Allen said : " I think this court can look no further than to the propriety of the instructions, and, if there was error in the decision in regard to them, must send the case back for a new trial." In no reported case, however, in which this has been done has the question now under consideration been directly, or in terms, passed upon ; and if by the broad language of Judge Allen, just quoted, it was meant that in no case will the court look beyond an erroneous instruction in determining whether or not a new trial shall be granted, the remark is in conflict with a long line of familiar decisions, which establish the rule that where the appellate court can see from the whole record that an erroneous ruling, such as improperly giving or refusing instructions, or improperly admitting or excluding evidence, has not prejudiced the party complaining of the verdict, a new trial will not be granted for such error. *Hunter* v. *Jones*, 6 Rand. 540 ; *Fleming* v. *Toler*, 7 Gratt. 310 ; *Colvin* v. *Menefee*, 11 Id. 87 ; *Danville Bank* v. *Waddill*, 27 Id. 448 ; *Gerst* v. *Jones*, 32 Id. 518 ; *Brighthope Railway Co.* v. *Rogers*, 76 Va. 443 ; *Payne* v. *Grant*, 81 Id. 165 ; *Moore* v. *City of*

*Richmond*, 85 Id. 538 ; *Sawyers* v. *Commonwealth*, 88 Va. 356.

In Hilliard on New Trials, ch. 1, sec. 7, the rule is stated to be that " if no motion for a new trial be made in the court below, neither the action of the court in giving or refusing instructions, or admitting or excluding evidence, nor of the jury in finding the verdict, will be considered by the appellate court."

This is given as the general rule, and there are numerous decisions of courts of last resort outside of Virginia in support of it. Thus, in *Young* v. *King*, 33 Ark. 745, the court says : " Where there is no motion for a new trial, the supreme court will not review a decision of the circuit court admitting or rejecting evidence, or giving and refusing instructions." And in some of the states the courts have gone so far as to hold that only those alleged errors which were specially brought to the attention of the lower court, on the motion for a new trial, will be considered by the appellate court, all others being regarded as waived.

In 2 Barton's Law Practice (2d ed.), 1345, the rule is thus stated :

" The party complaining of error cannot reach the appellate court, with a view to the reversal of the judgment of the lower court, on the ground of such error, unless he shall have first asked the lower court for a new trial and his motion shall have been denied ; or, to use the language of the decided cases : ' If errors or supposed errors of any sort are committed by a court in its rulings during the trial of a case by a jury, the appellate court cannot review these rulings unless two conditions concur—viz. : *First*, the rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved and the bill of exceptions taken during the term ; and, *secondly*, a new trial must also have been asked and overruled and objected to, and this noted on the record.' "

The language quoted by the author is taken from the case of *Danks* v. *Rodeheaver*, 26 W. Va. 274, where the subject was considered, and the authorities reviewed, in a learned and able opinion by Judge Green. The court, he said, had been induced to reconsider its previous decisions on the subject because of some dissatisfaction among the profession in that state with them; it being considered that in every case where the record in any manner showed that error against the complainant had been committed during the trial, such error would be reviewed by the appellate court. But the court unanimously adhered to its former ruling, stating its conclusion in the language just quoted, which has been followed in subsequent cases, and is now the settled rule in that state.

It had been previously decided in *State* v. *Phares*, 24 W. Va. 657, that in a case tried by a jury, no matter how many exceptions are taken to the rulings of the court during the trial, unless a motion is made to the trial court to set aside the verdict, and that motion is overruled, and an exception taken to the action of the court in overruling it, all such exceptions will be deemed by the appellate court to have been waived.

This was said in a case in which the court was of opinion that, had the plaintiff in error moved the lower court to set aside the verdict, the motion would, probably, have been granted. But as no such motion was made, the inference was he was satisfied with the verdict. And in *Brown* v. *Brown*, 29 W. Va. 777, the court, speaking by Johnson, president, said : " The correctness of the rule thus laid down having been called in question, we elaborately reviewed the American decisions in *Danks* v. *Rodeheaver*, and demonstrated that the same rule had been almost universally adopted in the other states."

The rule, however, as explained by Judge Snyder in *Congrove* v. *Burdett*, 28 W. Va. 220, does not require that a formal bill of exceptions be taken to the overruling of the

motion for a new trial; all it requires is that the record shall show that such a motion was made and overruled, and that this action of the court was excepted to. The prevailing party, however, when a new trial is refused, may, if he pleases, have the facts or the evidence certified, or so much thereof as may be supposed necessary to show the correctness of the judgment; and if the appellate court, with the case thus before it, can see that the errors, if any, could not have influenced the jury, the judgment will be affirmed.

Under a different rule—that is, if a party who excepts to rulings during the trial, and against whom a verdict is rendered, were not required to move for a new trial before appealing to a higher court—it would, no doubt, often happen that a judgment, right in itself, would be reversed for some error committed during the trial presumably prejudicial, but which, in reality, was not; and thus a new trial, especially where delay is the object, would rarely, in such a case, be asked for. On the other hand, under the rule contended for by the defendant in error, such a result is, or may be, avoided by giving the opposite party an opportunity to see that the appellate court is put in possession of enough of the case to show, if such be the fact, that the complainant has not been prejudiced by the rulings complained of.

As an authority in support of this view, Judge Green, in *Danks* v. *Rodeheaver*, referred to *Sammons* v. *Hawver*, 25 W. Va. 678. In that case it was held that where a party is wrongfully denied the right to open and conclude before the jury, and a verdict is rendered against him, he must, before appealing, move for a new trial, and that if this is refused, the opposite party may insist that the facts be certified, and that if it appears from such certificate that his opponent was not injured by the refusal to give him the opening and conclusion, the verdict will not be disturbed.

In the present case, it is true, all the facts are certified in

the bill of exceptions which was taken to the ruling of the court in regard to the instructions. But inasmuch as there was no objection to the verdict, the supposition is, whatever the fact may be, that the appellant was satisfied with it. At all events, his failure to object to the verdict at the proper time must be considered as a waiver of his exception taken during the trial.

If the practice in this state has, of late years, been otherwise, it ought to be so no longer. The rule established in West Virginia and other states is, we think, founded in reason, and supported by authority, and its application to the present case requires an affirmance of the judgment complained of.

HINTON, J., *dissented.*

JUDGMENT AFFIRMED.