RICHMOND & D. R. Co.

*v.*

SCOTT.

(*Supreme Court of Appeals of Virginia, Dec. 21, 1894.*)

[20 S. E. Rep. 826.]

**Review on Appeal—Motion for New Trial—Waiver of.**

In an action on the case against a railroad company, the defendant demurred to the evidence, and the jury returned a verdict for the plaintiff, subject to the opinion of the court, whereupon judgment was entered upon said verdict. The defendant made no motion to set the verdict aside and for a new trial: *held*, that the omission to make said motion puts it out of the power of this court to review the proceedings.

Error to circuit court, Albemarle county.

From a judgment in favor of the plaintiff below, W. C. Scott, the defendant, the Richmond & Danville Railroad Company, appealed. Affirmed.

*Kirkpatrick & Blackford*, for plaintiff in error.

*L. C. Bailey* and *J. K. M. Norton*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Albemarle county, rendered on the 14th day of May, 1892, in an action of trespass on the case for damages, in said court pending, in which W. C. Scott, Jr., is plaintiff,

and the Richmond & Danville Railroad Company is defendant. After the evidence was all heard, the defendant demurred thereto ; and the jury assessed the plaintiff's damages at $2,500, subject to the judgment of the court upon the demurrer, and entered judgment for the plaintiff according to the verdict, and for costs. The case is here upon a writ of error, which was awarded by one of the judges of this court.

The record shows that there was not a motion addressed to the court for a new trial ; and under the ruling of this court in the case of Newberry v. Williams, 89 Va. 298, 15 S. E. 865, and the cases therein cited, the omission of a motion to set the verdict aside and for a new trial puts it out of the power of this court to review the proceedings had in the case in the trial court. The writ of error must therefore be dismissed, as having been improvidently awarded, and the judgment of the circuit court of Albemarle affirmed.