## Staunton.

TOWN OF BRIDGEWATER v. ALLEMONG.

SEPTEMBER 17, 1896.

1. APPELLATE PRACTICE—*Review—Motion for New Trial.*—Unless the record shows that a motion was made for a new trial in the court below, was overruled, and the action of the court excepted to, this court will not review the ruling of the trial court in excluding evidence offered, although the ruling was excepted to, and a bill of exception signed and made a part of the record. *Newberry* v. *Williams,* 89 Va. 298, approved.

Error to a judgment of the Circuit Court of Rockingham county, rendered October 27, 1894, on a motion to recover money wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*John E. Roller,* for the plaintiff in error.

*Strayer & Liggett,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Allemong served notice on the town of Bridgewater that he would, on the first day of the October term, 1894, of the Circuit Court of Rockingham county move for a judgment against the town for the sum of $800, with interest thereon at the rate of 6 *per cent. per annum* from the first of Janu-

ary, 1894, being the aggregate amount of eight several bonds for the sum of $100, described in said notice. The town of Bridgewater appeared by its counsel and pleaded *nil debet*, and filed a statement of the grounds of defence upon which it proposed to rely. A jury was sworn to try the issue, which, after having heard the evidence, returned a verdict for the plaintiff for the full amount claimed by him. During the progress of the trial, the defendant excepted to the rulings of the court in excluding certain evidence offered in its defence, and tendered a bill of exceptions which was signed by the judge and made a part of the record. In this bill of exceptions all the evidence adduced on the part of the plaintiff is set out, but the exception itself is directed exclusively to the judgment of the court sustaining the objection made by the plaintiff to certain evidence offered by the defendant. The jury rendered its verdict, and the court proceeded to enter judgment in accordance therewith. There was no motion for a new trial.

In the case of *Newberry* v. *Williams*, 89 Va. at page 305, it is said: " In the present case, it is true, all the facts are certified in the bill of exceptions which was taken to the ruling of the court in regard to the instructions. But, inasmuch as there was no objection to the verdict, the supposition is, whatever the fact may be, that the appellant was satisfied with it. At all events, his failure to object to the verdict at the proper time must be considered as a waiver of his exception taken during the trial."

Between the case under consideration and that just cited there is no point of difference; except that in the case from 89 Virginia the bill of exceptions was taken to the ruling of the court in regard to the instructions given or refused, while in the case before us the exception was taken to the ruling of the court excluding the evidence offered by the plaintiff in error.

In *Newberry* v. *Williams, supra*, the authorities in this State

from *Johnson* v. *Macon,* reported in 1 Wash. 4, to the present time are considered, and the rule is announced, as above stated, as the conclusion to be deduced from them.

In 2 Barton's Law Practice (2nd Ed.), 1345, it is said: "The party complaining of error cannot reach the appellate court, with a view to the reversal of the judgment of the lower court, on the ground of such error, unless he shall have first asked the lower court for a new trial and his motion shall have been denied; or, to use the language of the decided cases: 'If errors or supposed errors of any sort are committed by a court in its rulings during the trial of a case by a jury, the appellate court cannot review these rulings unless two conditions concur—viz: First, the rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved and the bill of exceptions taken during the term; and, secondly, a new trial must also have been asked and overruled and objected to, and this noted on the record.'"

In the case of the *Central Land Company* v. *Obenchain,* 92 Va. 130, Judge Buchanan, delivering the opinion of the court, referring to the rule established in *Newberry* v. *Williams,* says: "All that the rule requires is that the record shall show that such a motion was made and overruled, and that this action of the court was excepted to. In this case the judgment complained of shows that such motions were made, overruled, and excepted to. This was sufficient."

So in the case of *Norfolk & W. R. Co.* v. *Dunnaway, ante* p. 29, the same judge refused to accept the authority of *R. R. Co.* v. *Scott,* reported in 20 S. E. R. 826, and thus established an exception to the rule announced in *Newberry* v. *Williams,* thereby recognizing the force of the rule itself."

The case of *Norfolk & W. R. Co.* v. *Dunnaway, ante* p. 29, points out one exception to the rule announced in *Newberry* v. *Williams, supra.* Experience may convince us of the propriety of recognizing other exceptions, but the case before

us cannot be distinguished from *Newberry* v. *Williams* in any respect, and must therefore be controlled by it.

It follows that the errors relied upon in the petition for the writ of error, and so fully discussed at the bar, cannot be considered, and the judgment of the Circuit Court of Rockingham county must be affirmed.

*Affirmed.*