# CHARLESTON.

## CAPITAL CITY SUPPLY CO. *v.* BEURY.

Submitted June 9, 1909.    Decided October 24, 1911.

1.  APPEAL AND ERROR—*Exceptions, Bill of—Record—Amendments— Authority of Appellate Court.*
    When a bill of exceptions is signed in vacation, it is much the

better practice for the trial court to certify that it was done within thirty days from the adjournment of the term. But if it does not appear from the record that it was signed within time, this Court may, on its own motion, supplement the record by bringing up a certified copy of the final order adjourning the term of the trial court, to determine the fact. (p. 614).

2.  SAME—*Presentation of Questions in Trial Court—Motion for New Trial.*

In case of a trial by the court in lieu of a jury, it is not necessary that a motion for a new trial should have been made and overruled, in order to entitle a party to apply for a writ of error. (p. 614).

3.  EVIDENCE—*Documentary Evidence—Authentication—Letter.*

A reply letter received, in due course of mail, from the addressee of a farmer letter, is presumed to be genuine, and if otherwise proper evidence, may go to the jury without proof of the handwriting of the person whose signature appears thereto. (p. 616).

4.  SAME.

Evidence offered to impeach such letter, which goes only to the extent of proving that the name was signed to it by the bookkeeper in the office of the person whose name is placed to the letter, is not sufficient to overcome the presumption that he authorized his bookkeeper's act. (p. 616).

Error to Circuit Court, Kanawha County.

Action by the Capital City Supply Company against Thomas C. Beury. From a judgment for plaintiff, defendant brings error.

*Affirmed.*

*U. S. Albertson,* for plaintiff in error.

*Payne & Payne* and *J. F. Bouchelle,* for defendant in error.

WILLIAMS, PRESIDENT:

The motion to dismiss the writ of error on the alleged ground that the bill of exceptions is not a part of the record is overruled. The bill of exceptions was signed in vacation, and it does not appear, by the record, that it was signed within thirty days after the adjournment of the term. It is much the better practice for the judge to make this fact appear by his certificate, but the judge's certificate is not the only method of show-

ing it.   This Court has established the practice of reading the order adjourning the term, in connection with the record, to determine whether the bill of exceptions was signed in time. *Scott* v. *Hughes,* 66 W. Va. 573; *Whyel* v. *Coal & Coke Co.,* 67 W. Va. 651.   A *certiorari,* issued on the court's own motion, has brought up a certified copy of the adjourning order of the term of the intermediate court of Kanawha county at which the judgment was rendered, and from this it appears that the term was adjourned on the 4th of December, 1907.   The bill of exceptions was signed on the 30th of December, 1907, and, therefore, in time.

It is insisted that, according to the practice prevailing in Virginia and in this state, the judgment cannot be reviewed, because no motion for a new trial was made, and overruled. But it has been decided in both states that such motion is not required where the trial is by the court in lieu of a jury, as was the fact in this case.   *Fisher* v. *Bell,* .65 W. Va. 10; *Bank* v. *Walton,* 96 Va. 435.

This brings us to a consideration of the merits of the case. The action is *assumpsit* on an account for goods sold to the Thayer Lumber Company, a corporation, of which Thomas C. Beury was president.   The suit is against said Beury personally, and was originally brought before a justice of the peace, and appealed to the intermediate court of Kanawha county.   There plaintiff obtained judgment for $225.75.   Defendant made application to the circuit court of Kanawha county for a writ of error which was refused, and he later obtained one from this Court.                                                          \

That the goods were sold to the Thayer Lumber Company, and were originally charged to it on plaintiff's books of account, are facts admitted by the testimony of Mr. Clark Howell who is president of the plaintiff company.   Consequently the personal liability of Mr. Beury for the debt depends upon whether he has subsequently obligated himself by a writing to pay it.   Two letters were introduced by plaintiff to prove his written promise to pay the debt, one dated December 22nd, 1906 and signed "Thos. C. Beury, L.", and another dated February 14th, 1907, and signed "Thos. C. Beury."   Both were received in regular course of mail, and are replies to letters written by Mr. Howell to the Thayer Lumber Company concerning the collection of

the account sued on, and addressed to said company at its principal office, in care of T. C. Beury. Both replies are written on the Thayer Lumber Company's printed stationery which advertises Thos. C. Beury as its president. The first of these letters was admitted as evidence over defendant's objection, and he excepted. Omitting the printed heading, the letter is as follows, viz.:

"Dec. 22, 1906.

"Capital City Supply Co.,
City.

"Gentlemen:

"I have your favor of the 18th inst in regard to your account against the Thayer Lumber Company. In reply, beg to say that I myself being the principle creditor of the Thayer Lumber Company have taken over the property and assumed all the debts and just as soon as I am able to do so will pay off the various accounts. At the present time I am very much in need of funds, and am not able to do anything for you, but you may rest assured that I will personally see to it that when able your account is paid.

"Yours truly,
"(Signed) THOS. C. BEURY, L."

There can be no doubt that the letter contains sufficient promise to bind defendant, provided it was sufficiently authenticated to allow it to be read as evidence. It is signed "Thos. C. Beury, L.", and it is insisted that the initial *L,* after the name imports that Thos. C. Beury's name was signed to the letter by another, and that the authority of such other to so sign his name should have been first proven before admitting the letter as evidence, and *Winkler* v. *C. & O. R. Co.,* 12 W. Va. 699, is cited as authority for this proposition. The writing on which it was sought to hold the railroad company liable in that case differs from the writing in the present case in that it does not purport to be a reply to any communication addressed to, and received by, the railroad company. It was signed "W. A. Keeper, Pr. Assistant Engineer." We do not doubt that the writing in that case was not sufficient to bind the railroad company without proof of Keeper's agency. But in the present case

the writing in question is a letter which came through the mail in due course, and is a reply to another letter which plaintiff had addressed and mailed to the Thayer Lumber Company in care of Thos. C. Beury, and relates to a matter of which Mr. Beury himself is supposed to have special knowledge, because of his official connection with said company. In such case, a reply letter so received is presumed to be genuine, and may be received as evidence without proof of the handwriting of the signature. We find the rule stated by Wigmore, in his valuable work on Evidence, Vol. 3, sec. 2153, to be that, "The arrival by mail of a reply purporting to be from the addressee of a prior letter duly addressed and mailed are sufficient evidence of the reply's genuineness to go to the jury. Such a rule— varying slightly in the phraseology of the different judges— seems now to be universally accepted." See also the *Norwegian Plow Co.* v. *Munger,* 52 Kan. 371; *White* v. *Tolliver,* 110 Ala. 300; *Ragan* v. *Smith & Gordon,* 103 Ga. 556; *City National Bank* v. *Jordan,* (Iowa) 117 N. W. 758; *Boykin* v. *State of Florida,* 40 Fla. 484; 2 Wharton on Evidence (2nd ed.), section 1328.

But it is proven by a witness for defendant that the signature was not made in the handwriting of Thomas C. Beury. The question then arises, should the letter have been excluded? We do not think so. While we have not found any authority directly bearing on this point, we think the true rule is that, even though such a reply letter may not have been signed by the person whose name appears to it, still the presumption is that it was signed by proper authority; and the presumption of genuineness is not overcome by simply proving that he did not sign it himself, but it was necessary to go further, and prove that he did not authorize the signing of it, or adopt the signature as his own. In these modern days of large and multiplied business it is well known that much correspondence is carried on and important business transacted through dictations made to clerks and stenographers who take down the dictation and then transcribe it into long hand. It is also known that clerks employed in offices of large business concerns are often directed to write the signature of their employers to their letters. It is scarcely to be supposed in the present case, in view of the subject matter of the letter in question, that Lewis, Mr. Beury's

bookkeeper, would have either written the body of the letter, or signed Mr. Beury's name to it without his authority. We think it is entirely within the rule relating to the presumed genuineness of reply letters purporting to come from the addressee of another letter in due course of mail, to include the authority to sign the name which appears to it. It was, therefore, not enough to overcome the presumption of the genuineness of the letter, to prove simply that the signature was not in the handwriting of Mr. Thomas C. Beury. It should also have been made to appear that the signature was made without his authority.

It is admitted that the other letter, dated February 14, 1907, is signed by Thomas C. Beury in person. But we are of the opinion that, while it relates to the same matter of account spoken of in the first letter, it does not contain a promise of Mr. Beury to answer personally for the debt. However, we see that defendant was not prejudiced by the admission of this letter as evidence over his objection.

Finding no error we will affirm the judgment.

*Affirmed.*

BRANNON, JUDGE: I doubt point four.