## BROWN & BRIDGEMAN v. WESTERN CASKET CO.

No. 1166.   Opinion Filed November 14, 1911.

(120 Pac. 1001.)

1.   **APPEAL AND ERROR**—Review—Objections Not Made Below—Motion for New Trial.   Errors occurring during the trial of a cause will not be reviewed in this court unless first presented to the trial court, by a motion for a new trial, and an opportunity there given to correct the same.

2.   **SAME**—Review—Motion for New Trial—Necessity.   In a case where both parties introduced evidence, and a motion to direct a verdict was interposed and sustained, in order that alleged errors occurring at the trial may be reviewed in this court, it is indispensably necessary that the same be presented to the trial court, by a motion for a new trial, and where no such motion has been filed, this court will not review the alleged errors.

3.   **TRIAL**—Directing Verdict—Conflicting Evidence.   Where issues of fact are presented by the pleadings and supported by evidence and the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from facts proven, the case, under proper instruction, should be submitted to the jury, and it is reversible error in such a case to sustain a motion to direct a verdict.

(Syllabus by Robertson, C.)

*Error from District Court, Carter County; Stilwell H. Russell, Judge.*

Action by the Western Casket Company against Brown & Bridgeman to recover $58.85, alleged to be due on open account. Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Apple & Franklin* and *Sigler & Howard*, for plaintiff in error.

*Ledbetter & Bledsoe*, for defendant in error.

Opinion by ROBERTSON, C.   We are met at the threshold of this case with a motion to dismiss the appeal, interposed by the defendant in error, the grounds being as follows:

"(1) That this court is without jurisdiction to hear and decide this case for the reason that judgment was rendered in the district court of Carter county, Okla., in favor of the plaintiff (defendant in error) on the 27th day of May, 1909, and the case-made was not prepared and served on plaintiff (defendant in error) within three days from the date of said judgment, and no order was made within said time extending the time in which defendant (plaintiff in error) should prepare and serve a case-made for appeal to the Supreme Court of Oklahoma.

"(2) The motion for a new trial, filed on May 28, 1909, and which was overruled July. 1, 1909, did not operate to extend the time in which the defendant (plaintiff in error) could prepare and serve a case-made for the reason that the trial court, at the conclusion of the testimony of plaintiff and defendant, sustained a demurrer to the evidence of defendant (plaintiff in error) and upon motion of plaintiff (defendant in error) instructed the jury to return a verdict for the plaintiff (defendant in error).

"(3) A motion for a new trial was not necessary for the reason that the ruling of the court presented only questions of law and there were no facts to be reviewed which required a motion for a new trial."

The motion must be overruled. The record plainly shows, and it is admitted by counsel for the defendant in error in the above motion, that at the trial of the cause in the court below, witnesses were examined by both plaintiff and defendant, and a jury was impaneled and heard the evidence, and at the close of *defendant's* evidence, plaintiff offered, what its counsel is pleased to call, a demurrer to the evidence (Record, p. 39), which was sustained by the court. This so-called demurrer was nothing more or less than a request for a peremptory instruction to direct a verdict in favor of plaintiff and against defendant, and was not a demurrer to the evidence in the sense that the term is used by counsel for defendant in error. The motion was sustained, and the jury was instructed by the trial court to return a verdict for the plaintiff, and such a *verdict was returned by the jury,* and a judgment rendered in accordance therewith.

It is a principle so well settled in this state, that citation of authority is almost unnecessary, that errors occurring on the

trial of the cause will not be reviewed in this court unless first presented to the trial court, and an opportunity there given to correct the same, by a motion for new trial. *Kuhlman v. Williams,* 1 Okla. 136, 28 Pac. 867; *De Berry v. Smith,* 2 Okla. 1, 35 Pac. 578; *Carson v. Butt,* 4 Okla. 133, 46 Pac. 596; *Hardwick v. Atkinson,* 8 Okla. 608, 58 Pac. 747; *Beperstein v. Territory,* 8 Okla. 467, 58 Pac. 641; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Osborne & Co. v. Case,* 11 Okla. 479, 69 Pac. 263; *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478; *S. W. Cottonseed Oil Co. v. Bank,* 12 Okla. 168, 70 Pac. 205; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944. A motion for a new trial in the case at bar was absolutely necessary in order to secure, either in the trial court or this court, a review of the errors occurring at the trial, and they could not, by any other means, be reviewed in this court. The Kansas cases which counsel for defendant in error relies upon to sustain his motion are not in point. In those cases, especially in the case of *Wagoner v. A., T. & S. F. Ry. Co.,* 73 Kan. 283, 85 Pac. 299, where a demurrer to *plaintiff's* evidence had been sustained, the Kansas court held that in such case no motion for new trial was necessary. Even if the case at bar was parallel to that case, which it is not, we would not be disposed to follow the ruling of that court, for our statute provides, and this court has uniformly held that, in order to secure in the Supreme Court an examination of errors occurring at the trial, a motion for a new trial is indispensably necessary.

The only other assignment of error in the brief of plaintiff in error that we need to consider is the one charging error on the part of the trial court in taking the case from the jury.

We have examined the record, and find that the court erred in directing a verdict for the defendant in error, for the reason that there was conflicting testimony offered on the issues involved, and the defendant in error had a right to have the issues of fact decided by a verdict of the jury. We find that this was an action to collect money due on open account. The defendants below answered and admitted the account as correct, but alleged, by way of set-off and counterclaim, that on the day the purchase

was made, the agent of the defendant in error, W. E. Miller, who sold the goods to plaintiffs in error, made a banker's draft on defendant in error in the sum of $50, and secured the indorsement of plaintiffs in error by representing to them that he had authority from the wholesale house, his principal, to draw on it for necessary traveling expenses, and exhibited to them letters showing such authority. The said draft was dishonored by the defendant in error in Chicago, and was returned to plaintiffs in error in Ardmore, with $2.85 protest fee, and was there paid by them. In addition, they alleged that the said agent agreed that the bill of goods should be shipped free of freight charges to the plaintiffs in error, but that upon receipt of said goods they were compelled to pay the freight on the same in the sum of $5.16, and that the freight and the draft and protest fees amounted to $58.01, the same being $11.06 more than the account sued on, and they prayed judgment against the defendant in error for said balance. Testimony was offered by the plaintiff below, in support of the account, and testimony was offered by the defendant below in support of its counterclaim, and the testimony on the subject of the authority of the agent to draw the draft was conflicting in the extreme, the wholesale house denying that they ever gave him any such authority, while the plaintiff in error contends that the agent exhibited written authority, signed by defendant in error, and in this it seems also to be corroborated by the testimony of the agent himself, who, in addition, testified positively that he also had verbal authority from the president of the wholesale house to draw drafts for his necessary traveling expenses, and that he had been in the custom of drawing such drafts, and that they had always been honored theretofore. The testimony presents a direct conflict, and it was the duty of the court to submit the same to the jury.

"When the facts are disputed, or the credibility of witnesses is drawn in question, or a material fact is left in doubt, or there are inferences to be drawn from facts proven, the case, under proper instruction should be submitted to the jury." (Vol. 2, Thompson on Trials, p. 1599.)

"When the evidence tends to contradictory conclusions, though

without any conflict among the witnesses, a verdict should not be directed. When there is any controverted question of fact before the jury, it is error for the court to direct a verdict." (*Richardson v. Penny et al.*, 9 Okla. 655, 60 Pac. 501; *Farmers' State Bank v. Whetsell et al.*, 12 Okla. 597, 73 Pac. 297.)

The plaintiff in error, by its answer, presented certain issues of facts, and was permitted by the court to offer testimony in support of the same, and as before stated, there was a direct conflict in the testimony relative to the material facts of the case, and under such circumstances it was error for the trial court to take the case from the jury and direct a verdict. Having reached this conclusion, it is unnecessary to consider the other assignments of error raised by the petition in error.

The judgment of the district court of Carter county should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concur.