# CHARLESTON.

FREEBURN, ADMR. v. BALTIMORE & OHIO RAILROAD CO.

Submitted March 6, 1917.    Decided March 13, 1917.

APPEAL AND ERROR—*Record*—*Matters to be Shown*—*Preservation of Grounds of Review.*

To entitle a litigant to a review by this court of an alleged error committed in directing a verdict, it is essential for the record to show that he moved for a new trial and his motion was overruled and he excepted to the ruling.

Error to Circuit Court, Monongalia County.

Action by William H. Freeburn, administrator, against the Baltimore & Ohio Railroad Company. There was a judgment, for defendant, and plaintiff brings error.

*Writ dismissed as improvidently awarded.*

*Van A. Barrickman* and *E. M. Everly,* for plaintiff in error.

*McClintic, Mathews & Campbell* and *Moreland & Guy,* for defendant in error.

WILLIAMS, JUDGE:

William H. Freeburn, administrator of Sarah E. Sterling, deceased, brought this action to recover damages for the unlawful death of his intestate, caused by the alleged negligence of defendant in running one of its trains upon and over her, at a public street crossing in the City of Morgantown. The case was tried by a jury. At the conclusion of plaintiff's evidence, the court, on motion of defendant, instructed the jury to find for it, which they did. Plaintiff objected and took a bill of exceptions embodying his evidence and the rulings of the court, but did not move for a new trial.

At the very threshold of an investigation of the alleged errors we are confronted with the question, whether, under the rules of practice, a motion for a new trial is essential to the right to have errors reviewed by this court. That such a motion is a prerequisite to the right of review is a general rule of practice, well settled by numerous decisions in this State and in Virginia. *Hinton Milling Co.* v. *New River*

*Milling Co.,* 78 W. Va. 314, 88 S. E. 1079; *State* v. *Phares,*
24 W. Va. 657, and *Danks* v. *Rodeheaver,* 26 W. Va. 274.
In the latter case, a well considered one, it was held that, in
order to entitle a party to a review of a case tried by a jury,
two things are essential: (1) an exception to the erroneous
ruling, taken at the time and embodied in a bill of exceptions;
and (2) a motion to set aside the verdict must have been made
and refused, and such refusal noted in the record.   Failure
to move for a new trial is held to be a waiver of all errors
committed by the court during the progress of the trial, not-
withstanding proper bills of exceptions were taken.   The fol-
lowing cases are in point: *State* v. *Rollins,* 31 W. Va. 363;
*State* v. *Henaghan,* 73 W. Va. 706; *Newberry* v. *Williams,*
89 Va. 298; and *Town of Bridgewater* v. *Allemong,* 93 Va.
542, 25 S. E. 595.   In jury trials such seems to be the require-
ment in most of the states of the Union.   29 Cyc. 736.   The
rule does not apply in a case tried by the court, in lieu of a
jury.   *Capital City Supply Co.* v. *Beury,* 69 W. Va. 612;
*Fisher, Admr.* v. *Bell,* 65 W. Va. 10; and *Citizens Nat. Bank*
v. *Walton,* 96 Va. 435.

Neither does the general rule apply as in other cases, where
a judgment is rendered on a demurrer to evidence.   There a
motion for a new trial is not necessary if the only purpose is
to obtain a review on the sufficiency of the evidence.   The de-
murrer presents that question, as one of law, for court de-
cision.   According to the earlier practice the question was
not presented on the evidence, but on the admitted facts,
which were entered of record.   The practice, however, soon
grew up in Virginia of submitting all the evidence to the court
on the demurrer.   This made it necessary for the courts to
determine the facts, which often depended upon conflicting
evidence.   The propriety of that practice was seriously ques-
tioned by some of the earlier judges, as the effect of it was
to deny the right of jury trial, by withdrawing the case from
the jury, often against the will of the demurree, he being
obliged to join in the demurrer.   But it has always been a
litigant's right to demand the judgment of the court on the
sufficiency of the facts to sustain his adversary's averments,
the truth of which he was willing to admit.   His adversary

could have no ground to complain of a denial of his right of trial by jury, if the court should give to his evidence all the probative force and effect that a jury could possibly give it. Hence the courts adopted rules for determining the weight and value of demurree's evidence, which secure to him all the results he could hope to obtain from a trial by a jury. By thus withdrawing a case from the jury the demurrant assumes all the risk of an adverse decision on the law and deprives his opponent of none of the benefits of a jury trial.

But the sufficiency of the evidence to sustain a verdict is the only question this court can properly consider on writ of error to a judgment rendered on demurrer to evidence, unless there has been a motion for a new trial. The court is not bound, *ex mero motu,* to grant a new trial and thus subject plaintiff in error, perhaps against his will, to the risk of a more unfavorable verdict. *Riddle* v. *Core,* 21 W. Va. 530; *Proudfoot* v. *Clevenger,* 33 W. Va. 267; *City of St. Marys* v. *Locke,* 73 W. Va. 30; *Humphrey's Admr.* v. *West's Admr.,* 3 Rand. 516; *Green* v. *Judith,* 5 Rand. 1; *Briggs* v. *Hall,* 4 Leigh 484; *Newberry* v. *Williams, supra; Western Union Tel. Co* v. *Paper Co.,* 87 Va. 418; and *N. & W. Ry. Co.* v. *Dunnaway's Admr.,* 93 Va. 34, 24 S. E. 698. The case last cited overrules *Railroad Co.* v. *Scott,* 1 Va. Dec. 871, 20 S. E. 826, which held that the appellate court was not authorized to consider the sufficiency of the evidence, on a demurrer thereto, no motion for a new trial having been made. The only case cited to sustain that decision is *Newberry* v. *Williams, supra,* which was not a case decided on demurrer to evidence, but was a case tried by a jury. The error complained of in *Newberry* v. *Williams* was the court's refusal to give certain instructions asked for by plaintiff in error, and the court held the error was not reviewable on appeal, because no motion had been made for a new trial.

It is contended that, as a directed verdict is analogous to and a substitute for a demurrer to evidence, a motion for a new trial is not necessary to entitle the party complaining to a review of the sufficiency of the evidence. But the analogy exists only to the extent of applying the same rules in ascertaining the facts proven by the evidence. The different

methods of procedure produce results which are technically very different. A verdict, notwithstanding it has been directed by the court, is still regarded in law as a verdict of the jury on the evidence, but a demurrer to evidence takes the main issue in the case from the jury, and submits it to the court on a single question of law, to-wit, the sufficiency of the evidence to prove a case. Originally the practice was, on a demurrer to evidence, to discharge the jury, and then empanel another to assess damages, if the decision of the demurrer was unfavorable to demurrant. But later the practice was introduced, as a matter of economy and convenience, of allowing the jury to render a conditional verdict. On the main issue, the right to recover anything, a directed verdict is, technically, a finding by the jury on the evidence, while a conditional verdict, on a demurrer to evidence, is no finding by them on the merits, but simply an assessment of damages or ascertainment of the amount in controversy. The merits depend upon the judgment of the court on the law applicable to a state of facts, practically admitted by the demurrant to be true. Technically there is no difference between a verdict, superinduced by erroneous instructions as to the law of the case, and a verdict rendered in obedience to a peremptory instruction. In either case the court's erroneous ruling is responsible for the verdict. Hence, if a motion for a new trial is essential to a review of the error in one instance why not in the other also? We confess our inability to discover any good reason for making a distinction. By reference to the authorities above cited, and to other cases decided by the courts of this state and of Virginia, we find that the settled rule of practice requires the record to show that a motion for a new trial has been made and overruled, before this court will review alleged errors of the court in giving and refusing instructions. We do not find that the exact question here presented has ever been passed on either by this court or the court of appeals of Virginia. But it has been held by the courts of other states, whose rules of practice in this respect seem to be similar to our own, that a motion for a new trial is necessary to authorize a review of the action of the trial court in giving a peremptory instruction. *Witt v. Lexington & E. Ry. Co.*, 158 Ky. 401, 165 S. W. 399; *Seymour* v. *South-*

*ern Ry. Co.,* 117 Tenn. 99, 98 S. W. 174; *Brown & Bridge-man* v. *Western Casket Co.,* 30 Okla. 144, 120 Pac. 1001.

No motion for a new trial having been made in the lower court, we can not consider the alleged errors. Therefore the writ of error will be dismissed as improvidently awarded.

*Writ dismissed as improvidently awarded.*