## CHARLESTON.

BREEDLOVE *v.* GALLOWAY *et al.*

(No. 6649)

Submitted May 6, 1930.   Decided May 13, 1930.

*A. G. Thompson,* for plaintiff in error.
*J. Howard Hundley,* for defendants in error.

WOODS, JUDGE:

This is an action against father and son to recover damages to plaintiff's automobile through the alleged negligent operation by the son of the father's automobile.   The case went to trial before a jury, and, at the conclusion of plaintiff's evidence, the court, on motion, and over the objection and exception of plaintiff, directed a verdict for the defendants.   An exception was also taken to the action of the court in entering judgment on the verdict.

It is contended by counsel for defendants that the plaintiff has waived his right to complain of the action of the trial court in that he did not make a motion to set aside the verdict and award him a new trial—citing *Freeburn* v. *Railroad Co.*, 79 W. Va. 789, 91 S. E. 990, 991, to that effect. This brings us face to face with the proposition of whether or not the rule therein stated is based on reason or authority, and whether or not we shall abide by it in the future. As authority for that decision, three cases from foreign jurisdictions are cited, namely, *Witt* v. *Lexington & E. Ry. Co.*, 158 Ky. 401, 165 S. W. 399; *Brown & Bridgeman* v. *Casket Co.*, 30 Okl. 144, 120 P. 1001; *Seymour* v. *Southern Ry. Co.*, 117 Tenn. 99, 98 S. W. 174. Before discussing the applicability of such authorities, let us consider for a moment our own practice in saving exceptions. Where a case has been tried and submitted to a jury, in order that alleged errors may be reviewable in this court, the complaining party, in addition to taking an exception to the erroneous ruling, and embodying the same in a bill of exceptions, must make a motion to set aside the verdict, the refusal of which must be excepted to and noted in the record. *Danks* v. *Rodeheaver*, 26 W. Va. 274. However, where a case is submitted to the court in lieu of a jury, the motion to set aside the verdict is not necessary. *Capital City Supply Co.* v. *Beury*, 69 W. Va. 612, 72 S. E. 657. Nor is it necessary where there is a demurrer to evidence. *Proudfoot* v. *Clevenger*, 33 W. Va. 267, 10 S. E. 394. This court has repeatedly recognized the fact that a motion to direct a verdict amounts to a demurrer to the evidence. *Nuzum* v. *Pittsburgh, etc., R. Co.*, 30 W. Va. 228, 4 S. E. 242; *Soward* v. *American Car Co.*, 66 W. Va. 266, 66 S. E. 329; *Mosely* v. *McCrory*, 101 W. Va. 480, 482, 133 S. E. 73. Then, in view of this practice, why require a motion to set aside the verdict where it has been directed? This court in the *Freeburn* Case makes the following observation: "Technically there is no difference between a verdict, superinduced by erroneous instructions as to the law of the case, and a verdict rendered in obedience to a peremptory instruction. In either case the court's erroneous ruling is responsible for the verdict." On such premise, to-

gether with the holdings of the Kentucky, Oklahoma, and Tennessee cases, hereinbefore cited, the conclusion was reached in that case that a motion for a new trial was essential to a review of the error. To our mind, the finding on the main issue in a directed verdict is just as surely a finding of the court as if the matter had been heard by it in lieu of a jury. The jury's action is a mere form, brought about by the fact that it had been impaneled to try the case, and does not amount to a verdict in the common acceptation of trials by jury. But let us look to the three cases relied on to support the decision in the *Freeburn* Case. The *Oklahoma* case was considered in the light of a statute providing in effect that in order to secure in the Supreme Court an examination of *errors occurring at the trial,* a motion for a new trial is indispensably necessary. The *Kentucky* case is not in point, for in that state it is likewise necessary in common-law actions, where the jury was waived, and the law and facts were submitted to the court, to make such a motion. *Whitmer* v. *Cardwell,* 194 Ky. 351, 238 S. W. 1048. The *Tennessee* case was governed by a rule of the circuit court, adopted under authority of Shannon's Code, section 6075, wherein it required all motions for new trials to be reduced to writing, and entered upon the minutes, etc. Such method was approved by the appellate court in that case. Under the procedure in our state, the foregoing cases can in no wise be treated as authority.

In view of the very nature of a directed verdict and our practice in regard to saving exceptions where there is a demurrer to the evidence or the case has been submitted to the court in lieu of a jury, we are of opinion that the *Freeburn* Case is wrong in principle, and therefore do overrule the rule of practice therein laid down.

This brings us to the question of whether the court erred in directing the verdict. The issue thereunder is whether or not the evidence was such as to bar a recovery on the ground of contributory negligence. Defendant cites *Krodel* v. *Railroad Co.,* 99 W. Va. 374, 128 S. E. 824, to support the lower court's finding.

Whether it is the duty of a driver, on meeting an auto-

mobile on the latter's wrong side of the road, to stop to avoid a collision, cannot ordinarily be determined as a matter of law. 1 Blashfield, Cyc. Auto. Law, p. 372, § 10. Plaintiff was driving up grade at a speed of fifteen miles per hour. Defendant's automobile appeared around a curve at a high rate of speed (plaintiff's automobile at the time being on his extreme right-hand side of the road, the outside of the curve), ran over on plaintiff's side of the road, and struck the latter's car, knocking it off the road and over the bank. The accident occurred after dark. Plaintiff had the right to assume, on the first appearance of the other automobile (100 to 150 feet distant), that its course would be changed—that it would observe the law of the road. The particular point of time when a person is no longer warranted in indulging such assumption is for the jury. As the defendant's car approached, plaintiff saw that its driver was making an effort to get it back to his right side of the road. And he might have succeeded in so doing had the car not started to skidding sidewise fifteen feet from the point of the collision. Did the plaintiff in proceeding act as a reasonably prudent person would have done under the circumstances? If he did, he is not guilty of contributory negligence. Under the case made we are of opinion that the matter was improperly taken from the jury.

The judgments of the court of common pleas and circuit court of Kanawha county are therefore reversed, the verdict set aside, and a new trial awarded the plaintiff.

*Judgment reversed; verdict set aside;*
*new trial awarded.*